**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

U.S. NUTRACEUTICALS LLC and
BOARD OF TRUSTEES OF THE
UNIVERSITY OF ILLINOIS,

    Plaintiffs,

v.                                                              Case No: 5:12-cv-366-Oc-10PRL

CYANOTECH CORPORATION and
NUTREX HAWAII, INC.

    Defendants.
_____

# REPORT AND RECOMMENDATION[1]

This patent infringement case is before the Court on Defendants' Motion to Stay Pending Inter Partes Review (Doc. 51), which has been referred to me for the issuance of a report and recommendation. (Doc. 57). Plaintiffs have responded (Doc. 53), and Defendants have also filed a Reply (Doc. 58). During a hearing before the Court on October 15, 2013, the Court heard arguments of counsel on Defendants' motion.

## BACKGROUND

Plaintiff, U.S. Neutraceuticals, LLC, dba Valensa International ("Valensa"), is a neutraceutical company that develops, manufactures, and sells ingredients for natural

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

health supplements. (Doc. 1, ¶¶ 1,2). The Board of Trustees of the University of Illinois, also a Plaintiff, is an academic institution that conducts research activities that have earned the University of Illinois numerous patents, including the Tso patent at issue in this case. (Doc. 1, ¶¶ 3,4). Plaintiff University of Illinois is the holder of the Tso patent (U.S. Patent No. 5,527,533), a patent for the "Method of Retarding and Ameliorating Central Nervous System and Eye Damage." (Doc. 1, ¶ 19). Plaintiff U.S. Neutraceuticals is an exclusive licensee of the Tso patent, with the exclusive right to market dietary supplement astaxanthin products under the Tso patent. (Doc. 1, ¶ 21).

In their Complaint, Plaintiffs allege that Defendants have infringed the Tso patent by manufacturing and selling competing products with the specific intent and suggestion that users of those products employ methods that are covered by claims of the Tso patent. (Doc. 1, ¶ 23). Plaintiffs bring suit for patent infringement, alleging numerous products marketed by Defendants infringe the Tso patent. Defendants bring counterclaims for unfair competition, deceptive and unfair trade practices, patent abuse, and unlawful competition. (Doc. 38).

Defendants move to stay this action in view of the petition for *inter partes* review that they filed with the United States Patent and Trademark Office ("USPTO"). (Doc. 51). Plaintiffs oppose a stay. (Doc. 58).

## STANDARD OF REVIEW

"Courts have the inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion" of a USPTO administrative proceeding. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir.

1988). The party seeking a stay bears the burden of showing that such a course is appropriate. *See Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). A stay pending an administrative proceeding is not automatic; rather, it must be based upon the circumstances of the individual case before the court. *See, e.g., Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 755 (E.D. Tex. 2006). In deciding whether to stay a given action, courts frequently consider three factors: (1) whether the stay would unduly prejudice or present a clear tactical advantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *See, e.g., WABCO Holdings v. Bendix Commercial Vehicle Sys.*, 2010 WL 2628335, at *2 (D.N.J. June 28, 2010).

## DISCUSSION

Defendants ask this Court to stay this litigation based upon the fact that it petitioned the USPTO to initiate an administrative proceeding called an *inter partes* review. This type of proceeding is relatively new. It was created by Congress in the Leahy-Smith America Invents Act (the "AIA") in response to perceived deficiencies in an older administrative proceeding called an *inter partes* reexamination. *See Universal Elecs., Inc. v. Universal Remote Control, Inc.*, NO. 12-00329, 2013 WL 1876459, at *2 (N.D. Cal. May 2, 2013).

Under 35 U.S.C. § 311(a), anyone who is not the patent owner may petition the USPTO to initiate an *inter partes* review, including a request that the USPTO cancel one or more of a patent's claims. After a petition is filed, the patent owner has three months to file a preliminary response opposing the request. 35 U.S.C. § 313, 37 C.F.R.

§ 42.107(b). The USPTO has another three months in which to decide whether to initiate an *inter partes* review of the patent. 35 U.S.C. § 314(b). If review is granted, the USPTO must conclude the review within one year of its initiation unless the Director extends this period by six months. 35 U.S.C. § 316(a)(11).

Here, Defendants initiated *inter partes* review petitions with the USPTO on June 28, 2013 and June 29, 2013 seeking to invalidate all claims in the Tso patent. Under 35 U.S.C. § 314(b), the USPTO must decide by December 29, 2013 whether to initiate a review of the Tso patent. Among other things, in support of their contention that it is likely that the USPTO will grant the *inter partes* review, Defendants cite the large percentage of petitions that are typically granted review.

In response, Plaintiffs contend that Defendants' motion for a stay is merely a delay tactic, and that the *inter partes* review petition will almost certainly be denied as statutorily barred under 35 U.S.C. § 315(a)(1). This provision states that "[a]n inter partes review may not be instituted if, before the date on which the petition for such a review is filed, the petitioner or real party in interest <u>filed</u> a civil action challenging the validity of a claim of the patent." (Emphasis added). Plaintiffs contend that, under the plain language of the statute, the bar applies because Defendants filed a declaratory judgment action over a year ago in Hawaii challenging the validity of the Tso patent.

Defendants do not dispute that they filed a prior action in Hawaii, but rather argue in their petition for review before the USPTO that the statutory bar does not apply because the Hawaii case was dismissed without prejudice. Defendants assert that the

dismissal without prejudice on procedural grounds will render the case as if it had never been filed.

In any event, the issue of whether the statutory bar will apply to Defendant's request for *inter partes* review need not be decided here. Suffice it to say, it remains uncertain whether the petition for *inter partes* review will be granted, particularly in light of Plaintiffs' compelling argument that review will be barred under 35 U.S.C. § 315(a)(1). To that end, a stay would prejudice Plaintiffs' ability to prosecute its claims and present a clear tactical advantage to Defendants.

A stay would also not necessarily simplify the issues in the case. The *inter partes* review proceeding will have no bearing on Defendants' counterclaims, such as for unfair competition. Likewise, the review proceeding may not render Plaintiff's patent infringement action entirely moot. As Plaintiff contends, the arguments raised by Defendants regarding prior art relate to only some of the claims of the Tso patent. And, the USTO may authorize the review to proceed on only "some of the challenged claims" or on only "some of the grounds of unpatentability asserted for each claim." 37 U.S.C. § 42.108(a). It is entirely possible, perhaps even likely, that this case will proceed on numerous claims regardless of the outcome of the USPTO proceeding.

Finally, this action has been pending in this Court since June 29, 2012, and is well underway. On May 1, 2013, the Court's Case Management and Scheduling Order (Doc. 44) was entered, setting the close of discovery for January 17, 2014, and trial for the term commencing October 6, 2014. Plaintiffs have conducted substantial discovery efforts, as explained by counsel during the hearing. Defendants have not been as active

in discovery efforts. However, Defendants concede that their reluctance to fully participate in discovery is due, in part, to their desire to avoid rendering their motion to stay moot. (Doc. 58, 7). During the hearing, counsel for Plaintiffs expressed his desire to retain the current discovery deadline of January 17, 2014, although there have apparently been substantial discussions between the parties regarding extending other deadlines, such as for expert discovery.

Upon due consideration, the undersigned is not inclined to recommend staying this action pending the *inter partes* review by the USTPO. Each of the factors discussed above weighs against granting a stay of this action at this stage in the proceedings (and perhaps even at a later stage assuming an *inter partes* review is instituted by the USPTO). *See*, *e.g.*, *Automatic Mfg. Sys. v. Primera Tech, Inc.*, No. 6:12-cv-1727-RBD-DAB, Doc. 36 at *4-5 (M.D. Fla. May 13, 2013)(Dalton, D.J.) (declining to grant a stay pending *inter partes* review, stating "it seems clear that a stay of a patent infringement action is not warranted when based on nothing more than the fact that a petition for *inter partes* review was filed in the USPTO.").

## CONCLUSION

Accordingly, upon due consideration, it is respectfully RECOMMENDED that Defendant's Motion to Stay Case Pending Inter Partes Review (Doc. 51) be Denied Without Prejudice.

**DONE** and **ORDERED** in Ocala, Florida on October 15, 2013.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties