**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**U.S. NUTRACEUTICALS LLC and BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS,**

**Plaintiffs,**

**v.** **Case No: 5:12-cv-366-Oc-10PRL**

**CYANOTECH CORPORATION and NUTREX HAWAII, INC.**

**Defendants.**

---

# ORDER

This case involving alleged infringement of U.S. Patent No. 5,527,533 (known as the "Tso patent" or the "'533 patent") comes before the Court for consideration of several pending discovery motions that have been referred to me. I will discuss each set of motions in turn.

## I. Defendants' First and Second Motions to Compel Discovery

Defendants have filed both a First Motion to Compel Discovery (Doc. 131) and Second Motion to Compel Discovery (Doc. 132), to which Plaintiffs have responded (Doc. 144). Defendants also filed a Reply in Support of their Motion to Compel (Doc. 153), and Plaintiffs filed a Sur-Reply (Doc. 158).

In accordance with the Court's Order entered March 17, 2014 (Doc. 139), the parties were directed to meet and confer and specifically and meaningfully discuss each and every document request that was the subject of Defendants' motions, and to file a joint notice regarding the results. On March 25, 2014, the parties advised the Court that they had resolved all issues raised by Defendants' motions, with the exception of one lone outstanding issue involving the University of

Illinois' search for relevant documents. (Doc. 142). Defendants generally contend that the University has failed to adequately respond to several of its document requests. Meanwhile, the University contends that it has already conducted a reasonable search for, and produced all non-privileged documents that relate to the following topics: the '533 patent, its prosecution and research and development, communications relating to licensing of the '533 patent, payments received from licensing, and any documents left behind by Dr. Mark Tso relating to the '533 patent. (Doc. 144, p. 2, Rigby Decl., Ex. A). The University objects to searching for categories beyond those topics as unduly burdensome.

Beyond their general claim that the University has failed to adequately respond to document requests, Defendants do not state with specificity what categories of documents have been withheld or failed to be captured by the University's search. The primary point of contention between the parties, apparently, is Defendants' Request No. 10: "All documents constituting or evidencing prior art pertaining to the invention(s) claimed in the '533 patent." The University provided the following response to the request: "The University limits its production to 'prior art known to any persons involved with the prosecution of the Tso Patent that remain employed by the University of Illinois.'" (Doc. 131, p. 9).

Defendants contend these limits are unacceptable, and demand that the University search its expansive state university library system for prior art documents pertaining to the invention claimed in the '533 patent. Defendants contend that the University's modern library system and support staff could easily facilitate retrieving such documents, and that the University can bear the burden of conducting such a search because it is a large, well-funded organization. (Doc. 153, p. 5).

Meanwhile, Plaintiffs contend that Defendants' motion is essentially moot. The University claims that it has already conducted a reasonable search and produced responsive documents to certain requests that were specifically identified by Defendants. As to Defendants' request that it "scour its entire library system," Plaintiffs first assert that "the University has indicated that it was willing to consider more tailored search requests suggested by Defendants," but that "[t]hus far, Defendants have not availed themselves of this offer." (Doc. 144, p. 5).

Plaintiffs also argue that, given the expansive term "pertain," it is highly probable that the state's library system could contain some materials "pertaining to the invention(s) claimed in the '533 patent." However, Plaintiffs contend that such an overbroad request should not force a large, public University to become an infringers' prior-art search team. Plaintiffs also suggest that there is nothing within the University's library system that cannot be easily obtained from other public sources. Also, Plaintiffs state, "the University's library system is there for the searching if Defendants wish to send their own people to the libraries to do it." (Doc. 144, p. 6).

It is not usually a ground for objection that information sought in discovery is equally available to the requesting party or is a matter of public record. *See Pepperwood of Naples Condominium Ass'n, Inc. v. Nationwide Mut. Fire*, No. 2:10-cv-753-FTM-36SPC, 2011 WL 3841557, *4 (M.D. Fla. August 29, 2011). The Court may, however, limit discovery if it "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive. Fed. R. Civ. P. 26(b)(2)(C)(i).

Here, the Court agrees with Plaintiffs that Defendants' request No. 10, as crafted, is overbroad and unduly burdensome. The University has already agreed to produce, and presumably has produced, documents related to the '533 patent, its prosecution and development, and prior art known to any persons involved with the prosecution of the Tso Patent that remain

employed by the University of Illinois. Defendants' request that the University search its entire public state library system for "All documents constituting or evidencing prior art pertaining to the invention(s) claimed in the '533 patent," is overbroad and unreasonable. Moreover, in light of the University's willingness to conduct additional, more narrowly tailored searches, Defendants' motion to compel is largely moot. The University argues that absent suggestions from Defendants, the University would be left to guess what searches to run for documents that "pertain" to the Tso patent.

For the reasons stated above, Defendants' Motion to Compel is due to be denied as to Request No. 10.

## II. Plaintiffs' Motion to Compel

Meanwhile, Plaintiffs have filed their own Motion to Compel Discovery (Doc. 152), to which Defendants have responded (Doc. 163). Based upon the briefs, it appears the parties have resolved all but two issues raised by Plaintiffs' motion to compel.

### A. Documents regarding Consultant Compensation

First, Plaintiffs seek to compel documents sufficient to show how much Nutrex's consultants have been paid. The relevant request, Request No. 66, states:

> For each Accused Product, documents sufficient to determine all costs or expenses associated with its development, manufacture, <u>marketing</u>, distribution . . . including all such costs or expenses accrued on a monthly basis.

(Emphasis added). Plaintiffs contend that Defendants engage the services of numerous contractors (consultants), such as influential physicians, pharmacists, and other "healthy-living personalities," to promote their products. Plaintiffs believe that information regarding how much these consultants are paid is relevant to show the extent of the relationship between them and the Defendants, that the messages of these consultants are fairly attributed to the Defendants, and the

bias of these consultants. (Doc. 152, p. 8). Plaintiffs contend that the consultants' activities allow Defendants to get their (i.e., Defendants') preferred advertising message into the public discourse with a veneer of independence because it comes from consultants rather than as direct advertising from Defendants. In particular, Plaintiffs wish to show a link between the meaningful amount of consultant compensation and sales. Indeed, it appears that Plaintiffs suggest that the consultants' activities are relevant to their claim that Defendants have induced infringement by "making, using, importing, selling and/or offering for sale Defendants' Astaxanthin Products with instructions to perform, and pursuant to advertisements touting, methods covered by the Tso patent." (Doc. 1, p. 11, ¶ 30).

In response, Defendants object on the basis of the "extreme sensitivity" of these documents. Defendants contend that the request seeks the confidential, personal financial information of third parties, and that the marginal relevancy of the information must be weighed against the invasion of privacy involved in seeking it. Defendants also contend that the information sought has "absolutely no bearing on whether statements made by such consultants are legally attributable to Nutrex."

Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. When discovery appears relevant on its face, the party resisting the discovery has the burden to establish facts justifying its objections by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed.R.Civ.P. 26(b)(1); or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary

presumption in favor of broad disclosure. *Young Apartments, Inc. v. Town of Jupiter, Fla.*, No. 05-80765-CIV, 2006 WL 5849319 *2 (S.D. Fla. December 1, 2006), *citing Scott v. Leavenworth Unified School Dist.* No. 453, 190 F.R.D. 583, 585 (D.Kan.1999).

Here, then, the burden is on Defendants to demonstrate irrelevance, or that the potential harm of producing information about consultant compensation would outweigh the ordinary presumption in favor of broad disclosure. To this end, Defendants cite "invasion of privacy" of the third parties, and that the request is "nothing more than harassment – or an attempt by a competitor to gain important competitive intelligence." (Doc. 163, p. 15-16). Defendants fail to cite any more particularized harm, and it is worth noting that neither party has suggested the possibility of a protective order, if necessary. Meanwhile, the ordinary presumption favors broad disclosure, and Plaintiffs contend (as already mentioned) that the evidence is relevant to their claims, including how Defendants have marketed their allegedly infringing products, Nutrex's relationship with its consultants, and whether its consultants' messages are fairly attributed to Defendants.

Accordingly, Defendants' objection to Request No. 66 is OVERRULED, and Defendants shall produce documentation of the amount of compensation paid to Nutrex consultants as discussed in this Order. The Court expresses no opinion regarding the ultimate admissibility at trial of the evidence obtained.

**B. Updated Customer Lists**

Next, Plaintiffs seek to compel production of an updated customer contact list from Defendants. They state that earlier lists were produced, but the lists end in October 2013. Therefore, they seek lists including the remainder of 2013 through the present, citing the obligation to supplement discovery contemplated in Rule 26 of the Federal Rules of Civil Procedure.

Plaintiffs specifically request supplementation of Cyanotech's customer contact list and Nutrex's customer contact lists.

In response, Defendants contend that such lists do not exist, and Defendants have no obligation to create such a list in response to the request to produce. Defendants claim that they each previously produced a customer list, with considerable effort and in the spirit of cooperation, but that they have no continuing obligation to update the lists for the convenience of Plaintiffs.

Indeed, Rule 34 of the Federal Rules of Civil Procedure only requires a party to produce documents that are already in existence. *See Rockwell Int'l Corp. v. H. Wolfe Iron and Metal Co.*, 576 F.Supp. 511, 511 (W.D.Pa.1983); see also 8A Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 2210 (2d ed. 1994) ("[A] party can not be required to permit inspection of documents or things that it does not have and does not control.") A party is not required "to prepare, or cause to be prepared," new documents solely for their production. *See Rockwell,* 576 F.Supp. at 511.

The fact that Defendants have not created updated document lists, however, does not necessarily mean that Plaintiffs are not entitled to the underlying information as potentially responsive to a prior request for which Defendants have a continuing obligation to supplement. The Court is not in a position to fully evaluate that possibility, however, because Plaintiffs' motion to compel fails to comply with Local Rule 3.04(a). Specifically, Plaintiffs fail to identify the request for admission to which the motion is addressed. Consequently, Plaintiffs' motion to compel is due to be denied without prejudice as to updated customer lists. Going forward, the parties are strongly encouraged to work together in a meaningful effort to resolve this simple issue without necessitating further intervention by the Court.

Lastly, as noted by Defendants, all disputes have already been resolved with regard to other categories of documents addressed in Plaintiffs' motion to compel, including the following: (1) e-mails from info@nutrex-hawaii.com; (2) historical Facebook and YouTube content; and (3) "submit your own" testimonials on the Nutrex website.

**III. Requests for Additional Discovery**

In their respective filings, both parties seek extensions of the discovery deadlines. Defendants request sufficient time to depose any witnesses first identified in late produced documents, or witnesses who have non-duplicative knowledge of the contents of documents produced by Plaintiffs. Defendants contend that they are attempting to review a gigantic "document dump" including 64,712 pages of documents, and that additional time will be necessary to process, review, and take all potentially necessary depositions. Defendants request an extension for the limited purpose of obtaining additional discovery regarding information learned from late-produced documents received from Plaintiffs. Plaintiffs respond that Defendants' request amounts to a vague, one-sided extension of discovery, yet Defendants have not identified a single deposition that they wish to re-open or pursue.

Meanwhile, Plaintiffs argue for an extension of the fact and expert discovery dates for both parties. Plaintiffs claim that significant discovery remains to be completed, documents to be produced in response to these motions to compel, third party witness depositions to complete, and the University of Illinois' 30(b)(6) deposition to take place. Plaintiffs request a one month discovery extension, and a corresponding extension of all dates up to the pretrial conference. Defendants object to a generalized extension of the discovery deadline, apparently preferring the limited discovery extension discussed above. Defendants specifically object to an extension for the purpose of completing the deposition of the University's 30(b)(6) witness, claiming the

University failed and refused to present the witness for deposition. Upon review, however, the efforts to schedule the deposition of the University's witness appear to be plagued by a breakdown of communication between counsel, scheduling challenges, and lack of good faith efforts to resolve the issue.

Given the discovery issues that have been outstanding, the sheer volume of recently produced documents, and general complexity of this case, Plaintiffs' request for a one month extension of the discovery deadline is reasonable. The case management deadlines will be extended as noted below. This extension renders moot Plaintiffs' request to allow the parties to schedule the deposition of the University's 30(b)(6) witness at a mutually agreeable time in the near future. If the deposition has not already occurred, the parties are encouraged to work together in a spirit of cooperation and professionalism to complete the witness' deposition.

**IV. Conclusion**

Accordingly, upon due consideration, it is ordered that:

(1) Defendants' Motions to Compel (Doc. 131 and 132) are DENIED;

(2) Plaintiffs' Motion to Compel, Schedule a Deposition, and Extend Discovery Period (Doc. 152) is GRANTED to the extent that Defendants' objections to Request No. 66 are OVERRULED, and Defendants shall produce documentation of the amount of compensation paid to Nutrex consultants as discussed in this Order;

(3) Plaintiffs' Motion to Extend Discovery (Doc. 152) is GRANTED, and all current case management deadlines are extended as follows: Discovery deadline: June 19, 2014; Dispositive Motion deadline: December 10, 2014;

Pretrial Conference: February 18, 2015; and, Trial set for the term commencing: March 2, 2015;

(4) Plaintiffs' Motion to Compel, Schedule a Deposition and Extend Discovery Period (Doc. 152) is otherwise DENIED; and

(5) Defendants' Request for Oral Argument, or to File a Reply Brief (Doc. 166) is DENIED as moot.

**DONE** and **ORDERED** in Ocala, Florida on May 13, 2014.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
Courtroom Deputy